IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UTAHNA HUGHES and
JESSICA MCCLELLAN,

    Plaintiffs,

v.                                      CASE NO. 3:12-cv-332-RS-CJK

EDMUND BURIE, GC&P OF
PENSACOLA, INC., JOHN
BIEDERMAN, and GAYE PYRITZ,

    Defendants.
_____/

## ORDER

Before me are Plaintiffs' Motion for Order Approving Class Notice and Requiring Defendants' Disclosure of Names and Addresses of Class Members (Doc. 33) and Defendants', GC&P of Pensacola, Inc. and Edmond Burie, Response (Doc. 43). Plaintiffs, who formerly performed as exotic dancers at an establishment currently known as "Escapes,"[1] brought this action on behalf of themselves and all others similarly situated under the Fair Labor Standards Act ("FLSA") to contest their classification as independent contractors rather than employees and to collect unpaid wages. They have made several requests. First, Plaintiffs have requested that I require Defendants to disclose the names and addresses of all other exotic dancers who performed at Escapes in the previous three years. Second, they request that I allow them to mail notice of this action to those dancers to inform them of their right to opt into the action. Third, they

---

[1] The name Escapes will be used to describe the property at 4001 N. Davis Hwy, Pensacola, Florida 32503, and includes all past and future names of the establishment.

have requested that the notice contain specific text. Fourth, they have requested that Defendants be required to post the notice at Escapes. Finally, they request that I toll the statute of limitations for potential plaintiffs who may opt in after receiving notice.

Section 216(b) of the FLSA permits an employee to bring an action against his employer for FLSA violations on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). Unlike a traditional class action, which binds class members who do not opt out, section 216(b) contains an opt-in provision that requires all similarly situated employees to consent in writing before becoming party plaintiffs. *Id.* The Eleventh Circuit has suggested a two-tiered approach when a plaintiff seeks certification under section 216(b) for an opt-in class. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001). Initially, at the notice stage, the plaintiff must show that there are other persons (1) who are similarly situated to the named plaintiffs and (2) who desire to opt into the case. *See id.*

The parties agree that there are persons similarly situated to the named Plaintiffs, but Defendants argue that Plaintiffs have not shown that there are any who would opt into this action. Plaintiffs' counsel previously filed two notices of potential plaintiffs who consent to joining the suit (Docs. 15 & 16) and represents to the Court that at least three dancers have sought to become plaintiffs in this action. Doc. 33 at 11. Defendants GC&P of Pensacola, Inc. ("GC&P") and Burie argue that this is insufficient to make the requisite showing.[2] They contend that Plaintiffs must support their representations that

---

[2] Defendants Biederman and Pyritz were recently added to this action and have not yet appeared. *See* Doc. 35. Defendants GC&P and Burie request that I defer consideration of the instant motion to allow these newly-added Defendants an opportunity to respond, but I decline to do so because their response would not change the outcome.

similarly situated persons desire to opt in with affidavits, because "'"unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify' certification of a collective action and notice to a potential class.'" *Alvarez v. Sun Commodities, Inc.*, 12-60398-CIV, 2012 WL 2344577, at *2 (S.D. Fla. June 20, 2012) (quoting *Rodgers v. CVS Pharm., Inc.,* 2006 WL 752831, at *3 (M.D. Fla. Mar. 23, 2003)). However, here we have more than unsupported expectations that additional plaintiffs have come forward; we have two prospective plaintiffs who have come forward and identified themselves to the Court.[3] Accordingly, I find that Plaintiffs have met their light burden of showing that there are similarly situated dancers who desire to opt into this action, and providing notice to them is appropriate.

Plaintiffs have requested that the notice contain specific text, and Defendants GC&P and Burie have objected to certain portions of the proposed notice. Plaintiffs shall incorporate all of Defendant GC&P and Burie's proposed changes, as well as (i) changing "RE: RECOVERY OF OVERTIME WAGES" to "RE: RECOVERY OF MINIMUM WAGE OR TIP CREDIT", (ii) adding an opening quotation mark (") before the term "PROFESSIONAL DANCER" in both the "TO" section and Section III; and (iii) adding Defendants Biederman and Pyritz the description of the class in the "TO" section and Section III, as well as including them in Section V.

---

[3] These potential plaintiffs are Erica Quarles and Ashley Spearman. *See* Docs. 15 & 16. Defendant Burie's affidavit sets forth that he has no knowledge of either dancing at the club and that there is no record of either having danced there. Defendant Burie stated that although each had a license to dance at other clubs in Pensacola, neither identified Escapes as a club where she danced. While I decline to let this factual dispute prevent notice to other potential class members, if either Quarles or Spearman is later added as a plaintiff in this action, Defendants may properly challenge her joinder.

Defendants GC&P and Burie have not contested Plaintiffs' request that I require Defendants to disclose the names and addresses of all other exotic dancers who performed at Escapes in the previous three years. Accordingly, that request is **GRANTED**. Defendant GC&P shall provide to Plaintiffs' counsel the names and last known addresses of all dancers known to have danced at Escapes (or its predecessors) in the past three years not later than February 15, 2013. Once that information is received, Plaintiffs' counsel may mail the approved notice of this action to those dancers to inform them of their right to opt into the action.

Plaintiffs have also requested that Defendants be required to post the notice at Escapes in a conspicuous location where notices such as workers' compensation, OSHA, and other similar notices are posted. Defendants GC&P and Burie have not contested this request, and it is **GRANTED**.

Finally, Plaintiffs request that I toll the statute of limitations for potential plaintiffs who may opt-in after receiving notice. Under the FLSA, the statute of limitations continues to run for each individual until the date the individual files the consent to opt into the collective action. *See* 29 U.S.C. § 216(b); *Grayson v. K-Mart Corporation*, 79 F.3d 1086, 1106 (11th Cir. 1996) ("only a written consent to opt-in will toll the statute of limitations on an opt-in plaintiff's cause of action."). Accordingly, Plaintiffs' request to toll the statute of limitations is **DENIED**, and each opt-in plaintiff must sign her consent form within the applicable limitations period, and the consent form must be filed with the Court within that time.

In sum, Plaintiffs' motion in **GRANTED in part** and **DENIED in part**. Plaintiffs shall amend the notice as described above; Defendant GC&P shall provide employee information to Plaintiffs' counsel as described above and post the amended notice at Escapes; Plaintiffs' counsel shall mail the notice to the potential opt-in plaintiffs whose consent must be filed with the Court within the statute of limitations period.

**ORDERED** on January 30, 2013.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**